UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY-CLARK CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 05-CV- 2097-B |
| | § | ECF |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Kimberly-Clark Corporation's ("Kimberly-Clark") Brief in Support of Its Claim for Prejudgment Interest (doc. 107), filed October 11, 2007. On September 21, 2007, the Court granted summary judgment for Plaintiff on its breach of contract claim against Defendant Factory Mutual Insurance Company ("Factory Mutual"). (doc. 105) Now at issue is whether the Court should allow Plaintiff to recover prejudgment interest on the damages award for the breach of contract. Because an additional award of prejudgment interest is necessary to fully compensate Plaintiff for Defendant's breach of the parties' mutual insurance policy, the Court GRANTS Plaintiff's request.

## I. BACKGROUND

This is an insurance dispute centering on a membership credit given by Factory Mutual to all policyholders who were members of the mutual insurance company on September 30, 2003 and who renewed their insurance policies for the year 2004. Factory Mutual denied Kimberly-Clark a portion of the membership credit—and therefore a portion of the mutual insurance company's

- 1 -

surplus—because Kimberly-Clark did not renew its policy for 2004. The parties filed cross-motions for summary judgment on Plaintiff's breach of contract claim and under its claims for violation of the Texas Insurance Code. The Court granted summary judgment for Defendant Factory Mutual on Plaintiff's claims brought under the Texas Insurance Code. In granting summary judgment for Plaintiff on its breach of contract claim, it became necessary for the Court to determine the legal effect of the Kimberly-Clark/Factory Mutual insurance policy.

Due to the policy's silence on a member's actual entitlement to a share of Factory Mutual's surplus, the Court utilized the overarching principles of the mutual insurance industry and the provisions present in Kimberly-Clark's policy to infer a term in the contract granting policyholders a right in the surplus when they become insured by Factory Mutual. Accordingly, the Court concluded that under the parties' policy, upon purchasing a policy and obtaining membership in Factory Mutual, a policyholder gains an interest in the surplus and has a right to its equitable share in any distribution of such surplus as declared by the Board, so long as the policyholder is a member of the company on the relevant date. Because Kimberly-Clark was a member of Factory Mutual on the relevant date set by the insurance company's board when they approved the membership credit, the Court found that Factory Mutual breached its contract with Kimberly-Clark when it failed to provide the company a portion of the 2004 membership credit. At the time of its summary judgment ruling, the Court requested that the parties provide additional briefing on the issue of prejudgment interest. The parties have briefed the issue, and the Court now turns to the merits of its decision.

## II. ANALYSIS

A.   **Award of Prejudgment Interest**

The primary purpose of an award of prejudgment interest is to compensate the prevailing party "for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985). Additionally, courts employ awards of prejudgment interest to fulfill the public policy goals of encouraging settlement and discouraging delay. *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex. 1988) (applying the rationale from *Cavnar* to breach of contract cases "in which the amount of damages is not ascertainable from the face of the contract"). Under Texas law, a court may award prejudgment interest either under the authority of an enabling statute or based upon general equitable principles. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). "Where no statute controls the award of prejudgment interest, the decision to award prejudgment interest is left to the sound discretion of the trial court, which should rely upon equitable principles and public policy in making this decision. *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 487 (Tex. App.—Fort Worth 2004, no pet.). Moreover, a prevailing plaintiff's request for an equitable award of prejudgment interest should be granted "in all but exceptional circumstances." *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996) (quoting *American Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987)).

In the instant case, Plaintiff Kimberly-Clark has been denied the use of its $3,062,776.90 share of Factory Mutual's surplus for over three years now as the parties have attempted to resolve their dispute, first independently and then through litigation. To compensate Plaintiff for its entire loss, the Court finds it necessary to award Kimberly-Clark not only its share of the 2004 membership credit but also interest to restore Plaintiff to the place it would have been had it been able to make use of those funds over the past three years.

Defendant's primary argument in opposition to an award of prejudgment interest is that the Court's award on Plaintiff's breach of contract claims is not based upon an express provision in the Kimberly-Clark/Factory Mutual insurance policy. (Resp. at 4-5) However, Factory Mutual provides no legal authority for the drawing of such a distinction. Instead, the Court agrees with Plaintiff's argument that limiting the award of prejudgment interest to actions in which a party has breached the express rather than the implied terms of a contract "would create an incentive for mutual companies like Factory Mutual to obscure their contractual obligations to their members so as to minimize their exposure in the event of a breach." (Reply at 2) Additionally, the Court believes that such a ruling also would be in contravention of another public policy goal of prejudgment interest—encouraging settlement. Thus, for the reasons set forth above, the Court GRANTS Plaintiff's request for prejudgment interest on its damages award for Defendant's breach of contract.

**B.     Calculation of Prejudgment Interest[1]**

Under Texas law, the accrual period for prejudgment interest "begin[s] on the earlier of the 180th day after the date the date the defendant receives written notice of a claim or the date the suit is filed and end[s] on the day preceding the date judgment is rendered." Tex. Fin. Code Ann. § 304.104 (Vernon 2007). Further, the interest rate to be used in calculating prejudgment interest is determined by the Texas Consumer Credit Commissioner and is the Prime Rate, as determined by the Federal Reserve, if the Prime Rate falls between 5% and 15%. Tex. Fin. Code Ann. § 304.103. Additionally, prejudgment interest is simple, rather than compound, interest.

---

[1] While Defendant opposes an award of prejudgment interest to Plaintiff, it does not object to Plaintiff's calculation of that interest.

In the instant case, the rate for prejudgment interest is 8.25%, so interest on the award of $3,062,776.90 is $692.27 per day.[2] May 22, 2004 is the 180th day after Factory Mutual received written notice of Kimberly-Clark's claim, so 1,236 days have passed between that date and the day preceding the date judgment was rendered, October 10, 2007. Accordingly, Plaintiff is awarded $855,645.72 in prejudgment interest.[3]

### III. CONCLUSION

In order to fully compensate Kimberly-Clark for the aforementioned breach of contract, the Court GRANTS Plaintiff's request for prejudgment interest on its award of $3,062,776.90. Accordingly, Defendant Factory Mutual is ordered to pay prejudgment interest in the amount of $855,645.72.

**SO ORDERED.**

**SIGNED November 30th , 2007.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2]($3,062,776.90 x 8.25%)/365 = $692.27

[3]1,236 x $692.27 = $855,645.72