UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY-CLARK CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 05-CV- 2097-B |
| | § | ECF |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Kimberly-Clark Corporation's ("Kimberly-Clark") Claims for Attorneys' Fees and Costs (doc #108), filed October 24, 2007. Having considered the parties' submissions regarding the amount of attorneys' fees and costs that should be awarded, the Court finds that additional evidence is necessary to resolve the Claim for attorneys' fees and costs and orders Plaintiff to segregate the legal services performed, and their associated actual fees and costs, in prosecuting its breach of contract claim from the services performed related to other claims, defenses, or counterclaims, as those services are reflected on the redacted legal bills submitted as Ex A to Mr. Malaret's Declaration in support of Plaintiff's Claim (doc #108). Plaintiff is also ordered to submit an unredacted copy of Exhibit A and a copy of its contingency fee agreement for *in camera* review. Plaintiff's submissions must be filed within ten (10) days of the date of this Order. Defendant may file a response to Plaintiff's submissions within ten days of Plaintiff's filing.

## I. BACKGROUND

On September 21, 2007, the Court granted summary judgment for Plaintiff on its breach of contract claim against Defendant Factory Mutual Insurance Company ("Factory Mutual") and awarded Plaintiff its attorneys' fees and costs (doc. 105). The Court denied Plaintiff's claims for violation of the Texas Insurance Code and granted summary judgment for Defendant Factory Mutual on those claims. Upon granting the Plaintiff summary judgment on its contract claim, the Court also awarded Plaintiff attorneys' fees and costs. Plaintiff filed a Claim for attorneys' fees and costs on October 24, 2007 (doc 108). Plaintiff asserts that the Court should calculate reasonable attorneys' fees by reference to its 35% contingency fee arrangement with its client–which would result in an award of $1,059,016.73 plus costs of $37,014.82.[1] Plaintiff argues that its request for a 35% contingency fee is customary and reasonable, and indeed is presumptively so, and discusses its view of the application of the factors considered in determining the reasonableness of an award of attorneys' fees under Texas state law. *See Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). In support of its Claim, Plaintiff submitted the declaration of its counsel Mr. Charles Malaret, which discusses counsel Morgan Lewis' qualifications and work done on this matter along with Plaintiff's fee arrangement and contingency fee agreements generally. The Malaret declaration also attaches highly redacted copies of hours billed and costs incurred by Plaintiff's counsel Morgan Lewis.

---

[1] The contingency fee agreement defines "net recovery" as "the amount Kimberly-Clark receives from or on behalf of a defendant in the subject litigation … minus amounts equal to all costs and expenses [Kimberly-Clark has] paid or owing to Morgan Lewis or third party contractors … at the request of Morgan Lewis." (Malaret Decl., ¶ 2) Plaintiff arrived at its total requested fees and costs ($1,096,031.55) by subtracting fees of $37,014.82 from the Court's award of $3,062,776.90, taking 35 percent of that number and then adding back in the $37,014.82 of requested fees.

In response, Defendant argues that Plaintiff's requested award of a fee based on its contingency agreement is excessive and unreasonable and does not comport with *Andersen* and its progeny (doc #113). Defendant further argues that Plaintiff should be ordered to segregate its fees so that the fee award reflects only fees associated with the breach of contract claim on which Plaintiff was successful and not its other claims. *See Tony Gullo Motors I LP v. Chapa*, 212 S.W.3d 299, 310-314 (Tex. 2006). Defendant also objects to the amount of costs that Plaintiff requests in association with its attorneys' fees as unrecoverable under 28 U.S.C. §1920.[2] In support of its response, Defendant submitted a declaration from its counsel Mr. Cook in which Mr. Cook discusses his practice, the relative complexity and time involved in addressing this matter, the rates charged by Morgan Lewis, and the standard hourly rates in Texas for similar legal services (doc #114).

## II. ANALYSIS

An award of attorneys' fees "is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas law provided the rule of decision in this case and also authorizes the award of attorneys' fees. Attorneys' fees in this matter are being awarded pursuant to Texas Civil Practice and Remedies Code section 38.001, which provides that a prevailing party "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for...an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001 (Vernon 2007). Texas law presumes "that the usual and customary attorney's fees for a claim of the type described in

---

[2] Defendant's response is internally inconsistent in that it requests a reduction in costs of $14,769,23 at p. 12 and $13,241.48 at p. 13. Because the court will review all costs independently upon receipt of the parties' further submissions in accordance with this Order, this inconsistency is inconsequential.

Section 38.001 are reasonable." TEX. CIV. PRAC. & REM. CODE § 38.003 (Vernon 2007). However, the presumption of reasonableness may be rebutted. *Id.* In addition to hearing testimony and receiving other evidence, the court may take judicial notice of reasonable and customary fees along with the contents of the case file in evaluating a request for attorneys' fees. *See* TEX. CIV. PRAC. & REM. CODE § 38.004 (Vernon 2007); *Gill Savings Ass'n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex. 1990). *Cf. City of Fort Worth v. Groves,* 746 S.W.2d 907, 918 (Tex. App.–Fort Worth 1988, no writ) (observing that the court can draw on its own experience as a lawyer and a judge and must look at the entire record to determine a reasonable fee).

The Texas Supreme Court has established several factors to be used in considering the reasonableness of a requested fee amount:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;
>
> (2) the likelihood … that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). While it should be considered, a contingency fee arrangement is only one of several factors to be assessed.

"A contingent fee may indeed be a reasonable fee from the standpoint of the parties to the contract. But, we cannot agree that the mere fact that a party and a lawyer have agreed to a contingent fee means that the fee arrangement is in and of itself reasonable for purposes of shifting that fee to the defendant." *Andersen*, 945 S.W.2d at 818; *see also Rauscher Pierce Refsnes, Inc. v. Koenig*, 794 S.W.2d 514, 516 (Tex. App.–Corpus Christi 1990, writ den.) (noting that counsel's contingency fee arrangement was not determinative of the amount of fees he could recover).

Although the parties have submitted evidence regarding the reasonableness of the Plaintiff's request for attorneys' fees, that evidence is insufficient to allow the Court to award fees at this time. As the Texas Supreme Court has long held, and re-emphasized in *Chapa* and most recently in *Varner*, fees related solely to a claim for which fees are unrecoverable must be segregated from recoverable fees. "Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Chapa*, 212 S.W.3d at 313-314. *See also Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007). As the Fifth Circuit stated, "the question [in awarding fees under Tex. Civ. Prac. & Rem. Code section 38.001]…is whether discrete legal services advance both a recoverable and unrecoverable claim." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 299 (5th Cir. 2007).

Plaintiff argues that it should not have to segregate fees. Plaintiff essentially asserts that the fees it seeks based on its contingency arrangement are *necessarily* only fees for the breach of contract claim, because its arrangement provided that counsel only got paid on claims on which it was successful. This argument rests on the fallacy that the contingency fee arrangement is conclusive, or at least substantial, evidence that Plaintiff's request for over $1 million in fees for 901 hours of

attorney, paralegal, document clerk, and librarian work is reasonable and/or recoverable.[3] (Malaret Decl ¶3 and Ex A thereto). As discussed above, under Texas law, the existence of a contingency fee arrangement is one factor to be considered among seven other factors in determining reasonableness. *Andersen*, 945 S.W.2d at 818. The Court is not persuaded that "there is nothing to segregate" as Plaintiff argues. Plaintiff has provided bills prepared on a monthly basis that include descriptions of activities and services performed and costs incurred by various personnel at Morgan Lewis. Thus, as Plaintiff has in fact kept track of its services, there should be no reason why Plaintiff cannot segregate them based on whether or not they were incurred in connection with its breach of contract claim.

### III. CONCLUSION

For the foregoing reasons, the Court finds that additional evidence is necessary to resolve the amount to be awarded to Plaintiff as attorneys' fees for its successful breach of contract claim under Texas Civil Practice and Remedies Code section 38.001. The Court will postpone its ruling on the motion for attorneys' fees and associated costs until it receives a segregation from Plaintiff for the legal services performed, and their associated actual fees and costs, in prosecuting its breach of contract claim, as those services are reflected on the redacted legal bills submitted as Ex A to Mr. Malaret's Declaration in support of Plaintiff's Claim. Plaintiff is also ordered to submit an unredacted copy of Exhibit A and a copy of its contingency fee agreement for *in camera* review. Plaintiff's submissions must be filed within ten (10) days of the date of this Order. Defendant may file a

---

[3]Plaintiff's secondary argument (at p.7, fn 3) is equally unavailing, as it is premised on the same foundation that all of its services were rendered in connection with its successful breach of contract claim, as purportedly indicated by the fact of its contingency fee arrangement.

response to Plaintiff's submission within ten days of Plaintiff's filing. The Court will consider the issue of the costs requested in Plaintiff's Claim at the same time that it considers the attorneys' fees aspect of that motion, after receiving the submissions requested in this Order.

**SO ORDERED.**

**SIGNED March 19th, 2007.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE